# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **MARILYN G. ADAIR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL NO. 3:06CV490 |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
|   Commissioner of Social Security, | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## ORDER

The Commissioner has filed a consent motion seeking entry of an order of remand pursuant to Sentence Four of 42 U.S.C. § 405(g). Sentence Four provides that this court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

Upon consideration of the motion, it is ORDERED that judgment shall enter reversing the final decision of the Commissioner; and further, that the cause is REMANDED to the Commissioner for rehearing. On remand, the Administrative Law Judge ("ALJ") will be instructed to update the plaintiff's medical records and re-assess her residual functional capacity ("RFC"). The ALJ will conduct another administrative hearing with vocational expert testimony as needed to clarify the impact of plaintiff's re-assessed RFC on her access to the relevant occupational base. The ALJ will then issue a new decision based on the total record, which discusses and assigns weight to all record medical opinions as required by 20 C.F.R. §§ 404.1527, 416.927.

Therefore, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. '405(g) with a remand of the cause to the Commissioner for further proceedings. See <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993); <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991). The clerk of the court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: March 6, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge